UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED

        JAN 2 0 2006

CLERK, U.S. DISTRICT COURT
  By _____
            Deputy
```

REBECCA R. HOLLAND,          §
                             §
        Plaintiff,           §
                             §
v.                           §    CIVIL ACTION NO.
                             §    5:05-CV-101-C
                             §
JO ANNE B. BARNHART,         §
Commissioner of Social Security,  §
                             §
        Defendant.           §

## REPORT AND RECOMMENDATION

Plaintiff Rebecca R. Holland seeks judicial review of a decision of the Commissioner of Social Security denying an application she filed on January 30, 2001, for Disability Insurance Benefits (DIB). The Commissioner has denied Holland's application twice, and this is Holland's appeal of the Commissioner's second denial of the application.

Holland appealed the Commissioner's first denial of the application in Cause Number 5:02-CV-284-C on December 11, 2002. The United States District Judge referred that appeal to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment.

In the Report and Recommendation the undersigned Magistrate Judge applied the standard of review required in Social Security appeals and found that the Commissioner used proper legal standards in evaluating the evidence in Holland's case and that the decision

denying her benefits was supported by substantial evidence. It was therefore recommended that the District Court affirm the Commissioner's decision.

Holland filed objections to the Report and Recommendation with the District Court. In addition to her objections, Holland presented for the first time new and additional evidence generated after the Commissioner's decision and sought remand so that the Commissioner could consider the evidence. That evidence consisted of a residual functional capacity questionnaire completed by Naga Bushan, M.D., on December 19, 2002, and a residual functional capacity questionnaire completed by Kimberly Bethune, M.D., on January 30, 2003.

The District Court rejected Holland's objections to the Report and Recommendation concluding that the Magistrate Judge's findings and conclusions were properly reached through the correct application of the law; however, pursuant to sentence six of 42 U.S.C. § 405(g), the Court determined that remand of the new and additional evidence was appropriate. The Court noted that after Administrative Law Judge (ALJ) Randolph D. Mason issued a decision on August 30, 2002, denying Holland's DIB application, the Commissioner approved a second application Holland had subsequently filed and determined under the second application that her disability began on August 31, 2002, just one day after Judge Mason determined under her first application that she was not disabled. The District Court concluded that the Commissioner's consideration of the new evidence was necessary to ensure a just determination of Holland's first application and ordered remand of Holland's

2

case for the consideration of the residual functional capacity questionnaires so that the Commissioner could reconcile the decisions in which Holland was found not disabled on August 30, 2002, under her first application yet disabled one day later on August 31, 2002, under her second application.

On remand Holland's case was reassigned to ALJ Jack W. Raines who considered the residual functional capacity questionnaires, held a hearing at which Holland was represented and testified, and issued a decision finding, as Judge Mason had, that Holland was not disabled and not entitled to DIB for the period relevant to her first application.

Holland objects to Judge Raines' decision on four grounds. She contends that Judge Raines erred in failing to find that her impairments met the criteria of Listing 14.02B; that he failed to accord sufficient weight to the residual functional capacity questionnaires from Drs. Bushan and Bethune; that he erred in determining that she was capable of performing sedentary work; and that he erred in failing to re-contact her physicians for further information regarding her condition.

## I.    **Standard of Review**

Courts view a decision of the Commissioner of Social Security with great deference and will affirm a Social Security determination unless the court cannot find substantial evidence in the record to support the decision or finds that the Commissioner made an error of law. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence that a reasonable

3

mind might accept as adequate to support the Commissioner's decision. *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If the court finds that the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Id*. A finding of no substantial evidence is appropriate only if no credible evidentiary choices exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## II.   **Discussion**

After reviewing the administrative record and the arguments of both parties under the foregoing standard of review, this court recommends, for the following reasons, that the District Court affirm the Commissioner's final decision.

### A.   *Judge Raines' Step Three Determination is Correct*

Substantial evidence supports Judge Raines' step three determination; contrary to Holland's contentions, her impairments do not meet the criteria of Listing 14.02, the listing for Systematic Lupus Erythematosus (SLE). Although Holland points out that she was found disabled under her second application after a State physician determined that her impairments met the criteria of Listing 14.02B, her condition under her second application is not at issue in this case. The issue in this case is whether the Commissioner's decision that Holland was not disabled prior to August 30, 2002, was correct. As noted in the first Report and Recommendation, at the first hearing a medical expert testified that Holland's impairments during the time period relevant to her first application did not meet the criteria of any listed impairment and specifically testified that her impairments did not meet the criteria of Listing

4

14.02, the listing for SLE  (Tr. 38-39.)  Judge Raines relied on the opinion of the testifying expert as well as opinions from State physicians who also determined that Holland's impairments did not meet the criteria of a listed impairment.  (*See* Tr. 38-39, 43-44, 527.)  The Commissioner's regulations provide that State agency physicians are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation," 20 C.F.R. § 404.1527(f)(2)(I), and the ALJ is authorized to determine the credibility of medical experts and weigh their opinions accordingly, *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).  When, as in this case, the ALJ's determination is supported by substantial evidence, it must stand.  *See id.*

B.    *Judge Raines Accorded Sufficient Weight to Physician Opinion and his Residual Functional Capacity Determination is Correct*

Judge Raines employed the correct legal standards in considering the residual functional capacity questionnaires from Drs. Bushan and Bethune and his decision that the physicians' opinions were not entitled to controlling weight is supported by substantial evidence.  Holland concedes that Judge Raines' discussion provides some support for his rejection of Dr. Bethune's opinions but contends that his analysis of Dr. Bushan's opinions was inadequate and that no reasonable grounds exist for rejecting Dr. Bushan's opinion.  She also argues that Judge Raines did not comply with the treating physician rule in analyzing the opinions.

These arguments must be rejected.  Judge Raines adequately analyzed and applied the treating physician rule to the opinions of both Dr. Bushan and Dr. Bethune as

5

required under *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). He considered the length of the treating relationship between Holland and each physician noting that Dr. Bushan began treating Holland in 1991 and that Dr. Bethune began treating Holland in 2001. (Tr. 532-33.) His narrative and chronological summary of the medical evidence demonstrates that he understood the physicians' respective medical specialties and the type of treatment they provided Holland as well as the frequency of examination and the nature and extent of the treating relationship between Holland and each physician. (Tr. 527-35.) Finally, he considered whether the opinions were supported by medical evidence in the record and whether they were consistent with the record as a whole. In regard to these final considerations, Judge Raines' decision demonstrates that he found that the decisions were not supported by or consistent with the record. Specifically, he noted that examinations of Holland in 2001 and 2002 did not indicate that she suffered from the "extreme limitations suggested by Dr. Bushan and Dr. Bethune in their December 2002 and January 2003 residual functional capacity questionnaires." (Tr. 535.) He further concluded that the opinions appeared to be based on Holland's subjective complaints rather than the medical evidence. (*Id.*) Judge Raines' thorough analysis of the opinions and examination records provided by Drs. Bushan and Bethune demonstrate that he complied fully with the treating physician rule. *See* 20 C.F.R. § 404.1527(d).

Further, Judge Raines' assessment of the opinions offered by Drs. Bushan and Bethune in the residual functional capacity questionnaires was correct, his decision not to adopt the opinions offered by Dr. Bushan was justified, and his determination that Holland

could perform sedentary work is supported by substantial evidence.  Examination notes from

Drs. Bushan and Bethune do not, in fact, support their opinions (*See, e.g.,* Tr. 235-36, 317-

18, 322, 326, 330.)  Further, as discussed in this court's first Report and Recommendation,

the medical evidence demonstrates that although Holland suffered from various medical

conditions, her conditions stabilized and improved with treatment.  (Tr. 203, 235, 319, 363,

376, 452, 456.)  Further evidence and testimony offered by Holland herself supports the

conclusion that she was capable of sedentary work.  (*See, e.g.*, Tr. 30-31, 66, 95-100, 148,

191-92, 281-82.)  The record, therefore, reflects good cause for Judge Raines' decision to not

accord controlling weight to the opinions of Drs. Bushan and Bethune.  *See Greenspan*, 38

F.3d at 237.

C.      *Judge Raines was not Obligated to Re-contact Holland's Physicians for*
        *Additional Information or for Clarification of their Opinions*

        The duty to re-contact a medical source arises only when the evidence from the

medical source is inadequate for an ALJ to reach a determination.  20 C.F.R. § 404.1512(e).

Such a situation occurs when an ALJ rejects a medical opinion from a treating source

because it is incomplete or when the record contains an incomplete medical history.  *Newton*,

209 F.3d at 457-58.  Neither situation is present in this case.  (*See* Tr. 525-36.)

        Social Security Ruling 96-5p, which Holland cites, addresses the ALJ's duty

to obtain supplemental information in regard to ultimate issue opinions.  The Ruling provides

that an ALJ's obligation to re-contact a treating physician regarding ultimate issue opinions

is limited to circumstances in which two conditions are met:  (1) the evidence does not

7

support the physician's opinion *and*, (2) the ALJ cannot ascertain the basis of the opinion from the case record. SSR 96-5P, 1996 WL 374183 (emphasis added). Although Judge Raines determined that the evidence did not support Dr. Bushan's and Dr. Bethune's opinions, he was able to ascertain the basis of their opinions – he believed the opinions were based on Holland's subjective complaints rather than the medical evidence. (Tr. 535.) Thus, under the authority upon which Holland relies re-contact was not necessary. *See* SSR 96-5P, 1996 WL 374183 Further, even if the court were to assume for argument's sake that Judge Raines should have re-contacted Holland's physicians, reversal would be appropriate only if Holland demonstrated that she was prejudiced by the failure. *See Newton*, 209 F.3d at 458 (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). A claimant can establish prejudice by showing that if the ALJ would have fulfilled his obligation to fully develop the record, such evidence would have been produced, and that the additional evidence might have led to a different decision. *Id*. Holland has not met this burden.

### III.   Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court affirm the Commissioner's decision and dismiss Holland's complaint with prejudice.

### IV.   Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy

of this document. The filing of objections is necessary to obtain de novo review by the

United States District Court.  A party's failure to file written objections within 10 days shall

bar such a party, except upon grounds of plain error, from attacking on appeal the factual

findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto*

*Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: _____, 2006.


NANCY M. KOENIG
United States Magistrate Judge